**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA SEPULVEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 6437 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After slipping and falling at one of Defendant Target Corporation's ("Target") stores in Cicero, Illinois, Plaintiff Maria Sepulveda filed this action against Target, alleging that Target negligently failed to maintain its floors free of slippery substances, causing her injury. Target has filed a motion for summary judgment [52]. Because Sepulveda has not presented a genuine issue of fact concerning whether Target breached any duty it owed her, Sepulveda cannot establish her negligence claim and so the Court grants Target's motion for summary judgment.

## BACKGROUND[1]

On July 23, 2012, Sepulveda and her daughter, Clarisa, went to the Target store in Cicero, Illinois, to purchase bread and other items. After spending approximately twenty to twenty-five minutes in the store, Sepulveda slipped and fell on some liquid located on the floor of the juice aisle. Sepulveda described the liquid as pink colored, contrasted against a light-colored floor in an area with adequate lighting. Clarisa described the liquid as red and assumed it was juice because they were in the juice aisle. Clarisa estimated the puddle of juice to be over a foot wide. Sepulveda does not know how long the liquid had been on the floor before she fell

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Material Facts. All facts are taken in the light most favorable to Sepulveda, the non-movant.

or how it got to the floor. Clarisa thought the spill was recent because the liquid was still wet and not sticky. Both Sepulveda and Clarisa noticed a track mark through the liquid. Sepulveda also observed dirt mixed with the liquid a little further from where she fell, which extended about three feet and looked comparable to the track mark. Sepulveda did not see employees moving pallets through the area of her fall right before the fall, although Clarisa testified that she had seen workers in the area moving pallets. Sepulveda believes the track marks were wheel tracks, not footprints. She testified they could have come from a shopping cart but also testified that the liquid mixed with dirt could have been from employees working nearby. Many people, including Target employees, had been in the area before Sepulveda fell.

Before her fall, Sepulveda did not see the liquid, nor did she notice any cleaning around the area or liquids or products leaking in that area. At the time Sepulveda fell, nothing distracted her or kept her from seeing what was in front of her, but her attention was focused on the shelves and items she was looking to buy. Clarisa also did not notice anything on the floor before her mother fell nor did she see anything leaking in that area.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the

2

evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

To succeed on her negligence claim, Sepulveda must establish that (1) Target owed her a duty, (2) Target breached that duty, and (3) Target's breach proximately caused her injury. *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1267, 172 Ill. 2d 213, 216 Ill. Dec. 703 (1996). Target argues that Sepulveda cannot prevail on her negligence claim because she cannot establish that Target owed her any duty because the substance on which she slipped constituted an open and obvious condition. Alternatively, Target argues that Sepulveda cannot establish that Target breached a duty to her because she has not produced any evidence that the substance was placed on the floor by Target's negligence, that Target knew of the substance, or that the substance remained on the floor a sufficient length of time before Sepulveda fell such that Target should have discovered it. Finally, Target argues that even if Sepulveda can establish duty and breach, she cannot recover because her comparative fault is over fifty percent. The Court addresses these arguments in turn.

### I. Open and Obvious Condition

In determining whether a duty exists, the Court considers "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant."

3

*Bruns v. City of Centralia*, 21 N.E.3d 684, 689, 2014 IL 116998, 386 Ill. Dec. 765 (2014). An open and obvious danger does not automatically negate a finding of a legal duty but instead renders the first two factors in the legal duty inquiry slight and weighs against the imposition of such a duty. *Id.* at 690; *see also Bujnowski v. Birchland, Inc.*, 37 N.E.3d 385, 397, 2015 IL App (2d) 140578, 394 Ill. Dec. 906 (2015) ("No published premises-liability negligence case that we have found held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty."). Under the open and obvious rule, "a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." *Rexroad v. City of Springfield*, 796 N.E.2d 1040, 1046, 207 Ill. 2d 33, 277 Ill. Dec. 674 (2003). "Whether a condition is open and obvious depends not on the subjective knowledge but on the objective knowledge of a person confronted with the same condition." *Perez v. Heffron*, 63 N.E.3d 998, 1002, 2016 IL App (2d) 160015, 407 Ill. Dec. 566 (2016). Where the parties do not dispute the physical nature of the condition, the issue is a question of law. *Bruns*, 21 N.E.3d at 690.

Here, the parties do not dispute the presence of a large amount of pink or red colored liquid on a light colored floor in the juice aisle. They also agree that the store had adequate lighting. Although Sepulveda testified she did not see the liquid because she was looking at the shelves and not the ground, the Court's analysis is not controlled by her subjective knowledge but rather the objective knowledge of a reasonable person. *See Wade v. Wal-Mart Stores, Inc.*, 39 N.E.3d 1141, 1145–46, 2015 IL App (4th) 141067, 396 Ill. Dec. 315 (2015) (evidence demonstrated that "no reason existed why [plaintiff] could not have seen the pothole and thus, could have avoided the hazard if she had been looking where she was going" where plaintiff stepped into a pothole in well-lit parking lot that "was a couple of feet long and a few inches

deep"). Sepulveda does not meaningfully argue that the liquid did not constitute an open and obvious condition, instead arguing that the distraction exception to the doctrine should apply.

The distraction exception applies only "where evidence exists from which a court can infer that plaintiff was actually distracted." *Bruns*, 21 N.E.3d at 691. The parties submitted seemingly contradictory statements of fact on the issue, with one indicating that nothing distracted Sepulveda from her ability "to see what was in front of her prior to her fall," Doc. 51 ¶ 7, and another indicating her attention was focused on the shelves, looking for what she needed, *id.* ¶¶ 48–49. But taking these statements together and drawing all inferences in Sepulveda's favor, the statements can be harmonized to suggest that Sepulveda was focused on the products on the shelves—*i.e.,* she was not distracted from the products in front of her—but that as a result she was not necessarily focused on the ground, which she may not have considered to be "in front of her."

Indeed, Sepulveda makes this very argument—that looking at the shelves for what she needed distracted her from seeing the liquid on which she slipped. But "the mere fact of looking elsewhere does not constitute a distraction." *Bruns*, 21 N.E.3d at 692. That said, "[t]he issue . . . is not whether plaintiff was looking elsewhere, but *why* she was looking elsewhere." *Id.* at 693. Sepulveda has at least created a question of fact as to whether the distraction exception applies; one could argue that Target should have reasonably foreseen that customers like Sepulveda would be distracted by looking at items on the store shelves and consequently not notice the open and obvious hazards on the ground. *See Fetzer v. Wal-Mart Stores, Inc.*, No. 13 C 9312, 2016 WL 792296, at *17 (N.D. Ill. Mar. 1, 2016) (declining to find "as a matter of law, that Wal-Mart did not expect customers to focus on its merchandise displays while shopping," noting that instead "it appears likely that Wal-Mart designed its displays to achieve this very result"); *Geleta*

5

*v. Meijer, Inc.*, No. 11 CV 6567, 2013 WL 6797111, at *6 (N.D. Ill. Dec. 23, 2013) (distraction exception applied because "[i]t's not a stretch to say that a customer at a grocery store may not be canvassing the ground for spills, but instead might be distracted by finding the items on her grocery list"). Thus, the Court cannot conclude at this stage that Target did not owe Sepulveda a duty of care.

## II.     Breach of Duty of Care

Target argues that even if it owed Sepulveda a duty of care, she cannot demonstrate that Target breached that duty. Sepulveda can show that Target breached its duty by establishing "(1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014).

To prevail on the first theory, Sepulveda must "(1) show that the foreign substance was related to the defendant's business and (2) 'offer[ ] some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises.'" *Id.* at 649–50 (quoting *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 441, 13 Ill. 2d 113 (1958)). Sepulveda suggests that the spill could have been caused by an employee because employees worked in the vicinity before she fell and the possibility exists that employee carts caused the tracks in the juice puddle. But this only provides "a possible way in which a [Target] employee could have caused the spill" and does not allow the inference that the spill was more likely caused by Target

6

employees than customers, particularly where Sepulveda's record citations do not fully support her statements and other testimony suggests that it is equally likely that a customer caused the spill. *See id.* at 650 ("Zuppardi has simply offered evidence that she slipped on something that happens to be sold by Wal-Mart, and such evidence fails to support an inference that Wal-Mart caused the spill."). Thus, Sepulveda has failed to create a material issue of fact on this basis.

Alternatively, Sepulveda argues that Target had actual or constructive notice of the spill. First, Sepulveda maintains that "[i]f an employee accidentally broke open a bottle of juice while working in the [a]isle, Target had actual notice of the spill and a duty to warn of it and clean it up immediately." Doc. 53 at 7. But Sepulveda provides no evidence of an employee breaking open a bottle of juice, with such a theory resting on mere speculation. With discovery complete and no evidence in the record suggesting that Target had actual notice of the spill prior to Sepulveda's fall, Sepulveda cannot rely on mere speculation at this late stage to create a disputed issue of fact. *See Good v. Univ. of Chicago Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012) ("[G]uesswork and speculation are not enough to avoid summary judgment."), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 673 F.3d 670 (7th Cir. 2016); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("Summary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999))).

As for constructive notice, Sepulveda states that, if a customer caused the spill, "Target's employees who were working in the [a]isle had constructive notice of the spill." Doc. 53 at 8. Again, however, Sepulveda provides no support for this argument, citing to no case law or supporting facts. The Court will not construct arguments for Sepulveda in an attempt to find a

7

genuine issue of material fact. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel"). Indeed, the Court could treat Sepulveda's failure to meaningfully respond to the argument concerning constructive notice as a waiver on the issue. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."). Even considering Sepulveda's bare assertion that employees' presence in the area provided Target with constructive notice, such speculation would not be enough to allow her claim to proceed. *See Berg v. Target Corp.*, No. 10 CV 6386, 2013 WL 6114790, at *3 (N.D. Ill. Nov. 18, 2013) (plaintiff's "sighting" of someone she thought was an employee in area of fall was too speculative to demonstrate constructive notice). Because Sepulveda has failed to create a genuine issue of fact on the breach element—an element essential to her negligence claim and on which she bears the burden of proof—the Court grants summary judgment to Target.[2] *See Celotex*, 477 U.S. at 323–24.

## CONCLUSION

For the foregoing reasons, the Court grants Target's motion for summary judgment [52]. The Court enters judgment for Target on Sepulveda's complaint. This case is terminated.

Dated: February 6, 2017

SARA L. ELLIS
United States District Judge

---

[2] Because the Court finds that Sepulveda has not demonstrated a genuine issue of material fact on the breach issue, the Court need not address Target's argument concerning comparative fault.